## FELDMAN, et al. v SUNSHINE KITCHENS, INC.

### Case No. 880953 AP (County Court Case No. 87-926-CC05)

Eleventh Judicial Circuit, Dade County

January 25, 1989

### APPEARANCES OF COUNSEL

**Adam D. Palmer,** Hall and O'Brien, for appellant.
**Kathleen E. Bente,** Leiby and Elder, for appellee.
Before FEDER, ROBINSON, CARDONNE, JJ.

### OPINION OF THE COURT

ROBINSON, J.

The issue before us is whether the County Court erred in finding

that the defendants signed a promissory note that bound the corporation, Vista Lago Associates, without obligating the signers to individual liability. Defendants argue that the capacity in which the signers signed the note was ambiguous, permitting the introduction of parol evidence.

The note arose from the delivery and installation of equipment from plaintiff (Sunshine) to Vista Lago Assoc. The defendants signed a promissory note either individually, or as corporate representatives, in the amount of $4423. This note was made payable to Sunshine, due September 4, 1986, and executed in the following manner.

Vista Lago Associates

By _____ (Seal)
    Joseph M. Feldman

By _____ (Seal)
    Hyman S. Glass

Payment on the note was never made. The plaintiff initiated an action for collection against the defendants jointly and severally.

This case is governed by the Uniform Commercial Code, Fla. Stat. § 673.403. Under this section one who signs his or her own name to an instrument is personally liable: absent parol evidence between the immediate parties establishing otherwise. The statute provides two situations in which the parties may be personally liable: "(I)f the instrument names the person represented but does not show that the representative signed in a representative capacity" or "the instrument does not name the person represented but does show that the representative signed in a representative capacity." The first situation applies in this case. The defendants signed their names, but did not sign in a representative capacity as defined in Fla. Stat. § 673.403(3). This subsection requires "the name of an organization preceded or followed by the name and the office of an authorized individual."

This apparent error is not dispositive. The absence of a trial transcript and proffer make it impossible for us to determine whether the parol evidence would have helped or harmed the plaintiff's case. *Atlantic Distributors, Inc v Alson Manufacturing Co.,* 141 So.2d 305 (3d DCA Fla 1962). We therefore affirm the judgment.